1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Robert Alan Boyd,                    )   No. CIV 06-803-PHX-ROS (DKD)
                                         )
10                 Petitioner,           )   **REPORT AND RECOMMENDATION**
                                         )
11  vs.                                  )
                                         )
12  McWilliams; Attorney General of the State)
    of Arizona,                          )
13                                       )
                   Respondents.          )
14  _____  )

15  TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

16          Robert Alan Boyd filed a petition for writ of habeas corpus on March 20, 2006,

17  challenging his convictions in Maricopa County Superior Court for two counts each of first

18  degree murder, kidnaping, and armed robbery, and the trial court's imposition of terms of

19  imprisonment totaling 50 years.  He raises four alleged constitutional violations in his

20  petition:  (1) a juror was biased and the trial court failed to properly conduct a hearing to

21  ensure a fair and impartial jury; (2) he received ineffective assistance of trial counsel because

22  counsel failed to file a motion to vacate the judgment due to juror misconduct; (3) his double

23  jeopardy rights were violated because the court removed his attorney, declared a mistrial, and

24  required him to pick another jury and undergo a second trial, and (4) prosecutorial

25  misconduct occurred when the prosecution allowed a witness to commit perjury and

26  informed the jury that they could still credit the witness's testimony.  Respondents contend

27  that the petition is untimely and that he is not entitled to equitable tolling.  The Court agrees

28  and recommends that the petition be denied and dismissed with prejudice.

1    On August 23, 2001, the court of appeals affirmed Boyd's convictions and sentences;

2  on March 21, 2002, the supreme court denied review (Doc. #13, Exh D, F).  On May 7, 2002,

3  the court of appeals issued its mandate.  On August 15, 2002, Boyd filed a notice of post-

4  conviction relief; on September 24, 2002, the trial court summarily dismissed the proceedings

5  as untimely,[1] finding as follows:

6           Defendant filed on August 15, 2002, a Notice of Post-Conviction Relief
         in this case where the appellate mandate affirming his conviction and sentence
7        on direct appeal was issued on May 7, 2002.  Pursuant to Rule 32.4(a) of the
         Arizona Rules of Criminal Procedure, the notice must be filed within 30 days
8        of the issuance of the appellate mandate.  Defendant claims he should be
         excused from the timeliness requirement because he was unaware of the
9        availability to file post-conviction relief.  The record shows that defendant was
         advised at sentencing, and in the Notice of Rights of Review After Conviction
10       and Procedure he signed on May 19, 2000, of his rights to seek post-conviction
         relief and the 30-day time period.  Defendant has not shown that the failure to
11       timely file the notice was without fault on his part, as required by Rule 32.1(f).

12  (*Id.*, Exh H).

13    Boyd was required to file his federal petition within one year of the time his

14  conviction became final.  *See* 28 U.S.C. § 2244(d).  Boyd's case was final on direct review

15  on June 19, 2002, the date upon which the time for filing a petition for review to the United

16  States Supreme Court expired.  *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d

17  1157, 1158-59 (9th Cir. 1999).  Boyd was required to file his habeas petition by June 19,

18  2003, absent any tolling.  However, "the time during which a properly filed application for

19  post-conviction or other collateral review with respect to the pertinent judgment or claim is

20  pending shall not be counted toward any period of limitation."  *See* § 2244(d)(2).  The trial

21  court dismissed his initial post-conviction petition as untimely, and therefore it was not

22  "properly filed" within the meaning of § 2244(d)(2).  *See Pace v. DiGiuglielmo*, 544 U.S.

23

24

25       [1]Although Boyd filed two subsequent post-conviction petitions in August, 2003 and
     February, 2005, they were filed following the expiration of the one-year limitations period,
26   and the Court will not address them, because they are not relevant to a calculation of the
     limitations period, the trial court having found them untimely as well (*Id.*, Exh I-M); *See*
27   *Pace v. DiGiuglielmo*, 544 U.S. 408 (2005).

28

1   408 (2005).  In addition, once the limitations period lapsed, Boyd could not "restart" the

2   period by filing a state court action that would have tolled the limitations period, had it been

3   timely filed.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

4            Finally, Boyd is not entitled to equitable tolling.  He has not shown extraordinary

5   circumstances beyond his control which made it impossible for him to timely file:  that he

6   diligently pursued his rights and that some "extraordinary circumstance stood in his way."

7   *Pace*, 544 U.S. at 418.  In his reply, he alleges as follows:

8            My first Rule 32 was late because it took over three weeks to get in to see the
         paralegal at the max security facility I was in.  *When I was moved to a lower*
9        *custody facility in 2003 I put in to see the paralegal.*  I tried to file my writ of
         habeas corpus then.  The paralegal told me I should file another Rule 32 and
10       when I asked about the time frame she told me my time started over from the
         time a ruling was made by the State.  When I got the denial of my second Rule
11       32 I went to see her again and she told me to file a motion to reconsider.  So
         I did.  The State never responded to the motion.  Then I was advised to file a
12       third Rule 32 w[h]ich I did it was also denied.  After being told my time started
         over after the State's response to my Rule 32, I filed my writ of habeas before
13       the year ran out.  Now the State is saying that isn't the case.  I would have filed
         on time if not for the advi[c]e of the State's paralegals.  We have no access to
14       a law library anymore and not knowing anything about the law, I was forced
         to rely on the prison['] State paralegals.  Under the Constitution I am
15       guaranteed a fair trial and the state doesn't argue against any of my issues
         raised they just want the whole thing thrown out.  I don['t] think I should be
16       punished for following the only legal help given to me by the State and my
         case should not be dismissed.  So I leave it in your hands to give me the fair
17       trial the Constitution g[u]arantees me to have.

18  (Doc. #14) (emphasis added).

19  First, this argument is inconsistent with what he stated to the trial court in his delayed

20  petition: that his untimeliness should be excused because he "was *unaware* of the availability

21  to file post-conviction relief," a claim rejected by the trial court.  *See* Doc. #13, Exh G, H.[2]

22  Second, Boyd is not entitled to counsel in a federal habeas proceeding.  Relying on a prison

23  paralegal whose function is to provide forms and administrative assistance, and who is

24  specifically prohibited from giving legal advice, cannot be the basis for equitable tolling.

25

26

27       [2]It is also inconsistent with the reasons stated for his delayed petitions filed in 2003
     and 2005.  *See* Doc. #13, Exh I, L.

28

1   Finally, a review of ADC records reveals that Boyd was transferred from ASPC SMU I (a

2   maximum security facility) to ASPC Central on October 11, 2000, and remained there

3   working both as a skilled kitchen worker and landscaper until he was transferred to ASPC

4   Kaibab, Winslow on November 7, 2002.  He was later transferred to ASPC SMU II on

5   November 5, 2003,[3] beyond the one-year limitations period of June, 2003.  Therefore,

6   whatever information he might have received at SMU following this date is irrelevant in

7   determining whether or not to apply equitable tolling.  That he may have been diligent

8   following the expiration of the limitations period is not the test: it is the diligence with which

9   he pursued his rights and the presence of some *extraordinary* circumstance *prior to the*

10  *expiration* that is examined.

11      **IT IS THEREFORE RECOMMENDED** that Robert Alan Boyd's petition for writ

12  of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

13      This recommendation is not an order that is immediately appealable to the Ninth

14  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

15  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

16  parties shall have ten days from the date of service of a copy of this recommendation within

17  which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules

18  72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

19  which to file a response to the objections.  Failure timely to file objections to the Magistrate

20  Judge's Report and Recommendation may result in the acceptance of the Report and

21  Recommendation by the district court without further review.  *See United States v. Reyna-*

22

23      [3]It also appears he may have confused some dates, because he states in his reply that
24  he filed his second petition for post-conviction relief after his transfer to "a lower custody
    facility in 2003."  However, he was transferred to ASPC Florence - Central Unit in 2000, and
25  remained there until 2002, when he was transferred to Kaibab.  He remained there until
    November, 2003.  Maricopa County Superior Court  records reflect that he filed his second
26  petition on August 5, 2003, prior to his transfer from Kaibab, *but past the one-year*
    *limitations period as well*.  Therefore, his argument that had he not been given inaccurate
27  legal advice from the paralegals, he would have timely filed his habeas petition, also fails.

28                                      - 4 -

1  *Tapia*, 328 F.3d 1114, 1121 (9ᵗʰ Cir. 2003).  Failure timely to file objections to any factual

2  determinations of the Magistrate Judge will be considered a waiver of a party's right to

3  appellate review of the findings of fact in an order or judgment entered pursuant to the

4  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

5  DATED this 23ʳᵈ day of February, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 5 -